**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENA HERRERA CASTILLO, | No. 08-74753 |
| Petitioner, | |
| | Agency No. A072-542-130 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Lorena Herrera Castillo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review for abuse of discretion the denial of a motion for a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Herrera Castillo's unexhausted contention that she is a member of a particular social group that refuses to support the guerrillas and gangs. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA). Substantial evidence supports the agency's finding that Herrera Castillo failed to demonstrate she was or will be harmed by guerrillas or gang members on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("The ordinary meaning of the phrase 'persecution on account of . . . political opinion' in § 101(a)(42) is persecution on account of the *victim's* political opinion, not the persecutor's.") (emphasis in original). Accordingly, in the absence of a nexus to a protected ground, Herrera Castillo's asylum and

withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Herrera Castillo fails to raise any substantive challenge to the denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

Finally, the IJ did not abuse her discretion by denying Herrera Castillo's motion for a continuance to allow her to present the testimony of her mother. *See Sandoval-Luna*, 526 F.3d at 1247 ("The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**